**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **LISA COBB and LITTLE DUCKLINGS DAYCARE, INC.**<br><br>        Plaintiffs,<br><br>v.<br><br>**KAREN STUART**<br><br>        Defendant. | Civil Action No. 2:23-cv-00220-JAW/KFW |

**<u>DEFENDANT'S FIRST AMENDED ANSWER, COUNTERCLAIM & JURY DEMAND</u>**

Defendant Karen Stuart ("Defendant"), by and through undersigned counsel, denies any and all liability to the Plaintiffs and answers Plaintiffs' Complaint as follows:

**INTRODUCTORY ALLEGATIONS**

1.  Defendant admits the allegations as pled at paragraph 1 of Plaintiffs' Complaint.

2.  Defendant admits the allegations as pled at paragraph 2 of Plaintiffs' Complaint.

3.  Defendant admits Defendant Karen Stuart is currently residing in New Jersey. Except as admitted herein, Defendant denies the allegations as pled at paragraph 3 of Plaintiffs' Complaint.

4.  Defendant denies the allegations as pled at paragraph 4 of Plaintiffs' Complaint.

5.  Defendant denies that the parties were in a romantic relationship. Defendant lacks sufficient knowledge to admit or deny if they are joint tenants in the Standish Residence and refers the

1

Court to the deed for that property. Defendant admits the remaining allegations as pled at paragraph 5 of Plaintiffs' Complaint.

6.  Defendant lacks sufficient knowledge or information to admit or deny the allegations as pled at paragraph 6 of Plaintiffs' Complaint.

7.  Defendant admits the Gorham building was appropriate and denies the remaining allegations as pled at paragraph 7 of Plaintiffs' Complaint.

8.  Defendant lacks sufficient knowledge or information to admit or deny the allegations as pled at paragraph 8 of Plaintiffs' Complaint.

9.  Defendant lacks sufficient knowledge or information to admit or deny the allegations as pled at paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits she is the sole owner of the Gorham property. Defendant denies all remaining allegations as pled at paragraph 10 of Plaintiffs' Complaint.

11. Defendant denies the allegations as pled at paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations as pled at paragraph 12 of Plaintiffs' Complaint.

13. Defendant admits that ten years ago she began cognitive decline and associated illnesses. Defendant denies all remaining allegations as pled at paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits the parties continued to live in the Standish property. Defendant denies all remaining allegations as pled at paragraph 14 of Plaintiffs' Complaint

15. Defendant admits her daughter took her to a hospital for evaluation. Defendant lacks sufficient knowledge to admit or deny the allegations and refers the Court to the medical records for the express statements therein.

16. Defendant admits returning to Maine and denies the remaining allegations as pled at paragraph 13 of Plaintiffs' Complaint.

17. Defendant admits that Plaintiff Cobb picked up Defendant Stuart at the train station and brought her to the Standish residence. Defendant denies, as phrased, the remaining allegations as pled at paragraph 17 of Plaintiffs' Complaint.

18. Defendant admits her daughter brought her to New Jersey for evaluation and denies the remaining allegations as pled at paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits the allegations as pled at paragraph 19 of Plaintiffs' Complaint.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations as pled at paragraph 20 of Plaintiffs' Complaint.

21. Defendant admits Plaintiff Cobb's brother was instructed not to communicate with Defendant's counsel. Defendant denies all remaining allegations as pled at paragraph 21 of Plaintiffs' Complaint.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations as pled at paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations as pled at paragraph 23 of Plaintiffs' Complaint.

**COUNT I**
**DECLARATORY JUDGMENT TO IMPRESS A TRUST**

24. Defendant repeats and reasserts each and every response set forth in this Answer.

25. Defendant denies the allegations as pled at paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations as pled at paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations as pled at paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations as pled at paragraph 28 of Plaintiffs' Complaint.

29. Defendant denies the allegations as pled at paragraph 29 of Plaintiffs' Complaint.

30. Defendant denies the allegations as pled at paragraph 30 of Plaintiffs' Complaint and denies Plaintiffs are entitled to any of the requested relief.

## COUNT II
## UNJUST ENRICHMENT

31. Defendant repeats and reasserts each and every response set forth in this Answer.

32. Defendant denies the allegations as pled at paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations as pled at paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the allegations as pled at paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the allegations as pled at paragraph 35 of Plaintiffs' Complaint and denies Plaintiffs are entitled to any of the requested relief.

## COUNT III
## BREACH OF FIDUCIARY DUTY

36. Defendant repeats and reasserts each and every response set forth in this Answer.

37. Defendant denies the allegations as pled at paragraph 37 of Plaintiffs' Complaint.

38. Defendant denies the allegations as pled at paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations as pled at paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies the allegations as pled at paragraph 40 of Plaintiffs' Complaint and denies Plaintiffs are entitled to any of the requested relief.

## COUNT IV
## CLAIM FOR INJUNCTIVE RELIEF

41. Defendant repeats and reasserts each and every response set forth in this Answer.

42. Defendant denies the allegations as pled at paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations as pled at paragraph 43 of Plaintiffs' Complaint and denies Plaintiffs are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Defendant claims unclean hands.

3. Defendant claims statute of frauds.

4. Defendant claims statute of limitations.

5. Defendant claims fraud, misrepresentation, or deceit.

6. Defendant claims laches.

7. Defendant claims lack or failure of consideration.

8. Defendant claims improvident transfer statute.

9. Defendant claims elder abuse.

10. Defendant claims offset and recoupment.

11. Defendant claims failure of conditions precent.

12. Defendant claims undue influence.

13. Defendant claims estoppel.

14. Defendant claims lack of meeting of the minds.

15. Defendant claims unilateral or mutual mistake of fact or law.

16. Defendant claims failure of specificity in pleading.

## JURY DEMAND

Defendant demands Jury Trial.

## RELIEF SOUGHT

WHEREFORE, Defendant demands that the Complaint be dismissed with prejudice, that she be granted her costs and attorneys' fees, and that the be granted all additional relief as is just.

## COUNTERCLAIM

Counterclaim Plaintiff/Defendant Karen ("Karen") Stuart brings the following claims and causes of action against Plaintiff/Counterclaim Defendant Lisa Cobb ("Cobb"). Joined to this counterclaim, as a party-in-interest, is Little Ducklings Daycare, Inc., ("Little Ducklings Daycare").

### Parties

1. Plaintiff-in-Counterclaim, Karen Stuart, is an individual, resident and citizen of Wayne, Passaic County, New Jersey.

2. Defendant-in-Counterclaim, Lisa Cobb, is an individual, resident and citizen of Standish, Cumberland County, Maine.

3. Party-in-Interest, Little Ducklings Daycare, Inc., is a duly registered Maine corporation for profit owed equally, 50-50%, by Cobb and Stuart. Little Ducklings Daycare, Inc. has its principal place of business in Gorham, Cumberland County, Maine.

### Venue

4. Venue is proper in this judicial district because the Counterclaim Defendant and Party-in-Interest are located in Cumberland County Maine and jurisdiction is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C.A. § 1332(a)(1) because the Plaintiff-in-Counterclaim and the Defendant-in-Counterclaim are residents and citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court also has ancillary or supplemental jurisdiction over some or all of the claims pursuant to 28 U.S.C.A. § 1367.

**Background**

5.  Karen Stuart and Lisa Cobb ("the parties" or "Karen" or "Lisa") met approximately 25 years ago.

6.  The parties became friends, housemates, and business partners.

**The Home**

7.  In or about 1999, the parties purchased a home in Standish, Maine ("the home").

8.  Both parties' names are on the deed and as of the date of this pleading, both parties continue to own the home.

**The Business**

9.  In or around 1999, the parties started a small in-home daycare business.

10. In or about 2000, the parties formed Little Ducklings Daycare, Inc. ("Little Ducklings Daycare" or "the business"). The purpose for Little Ducklings Daycare was to operate the daycare business.

11. Karen created the name of the business, the business logo, and wrote a children's book based on the name "Little Ducklings."

12. For many years, the parties together operated Little Ducklings Daycare.

13. Karen qualified as a "childcare director" through the State of Maine and served Little Ducklings Daycare in that capacity. Lisa's education, a GED, was not sufficient to qualify her as a "childcare director."

14. Initially and for many years, Karen managed the business and oversaw the operations and the learning programs for the children.

15. In or around 2000, Karen received a large sum of money from a divorce settlement with her ex-husband.

16. In or around October, 2000 Karen used the funds from her divorce settlement to purchase a property in Gorham, Maine ("the Gorham property"), and the parties moved the business of Little Ducklings Daycare to the Gorham property.

17. Approximately seven years ago, in or around 2015, Karen's mental health began to decline, which over time eventually prevented her from working. It was during this period that Karen grew to become dependent upon Lisa and Lisa became Karen's caregiver.

**Elder Abuse**

18. Karen was born in 1954 and is 69 years old. Beginning in or around 2012, Karen's mental health and memory began to decline.

19. From or after 2015, Karen grew to become dependent upon Lisa for her care, safety and wellbeing.

20. Lisa graciously volunteered, invited and encouraged Karen to rely upon her for her care, safety and well-being, and Lisa did undertake and provide that care to Karen.

21. Over time, Karen grew more reliant and dependent upon Lisa, and Lisa continued to foster, and Karen reposed, trust, faith and confidence in Lisa for most or all aspects of her life. Lisa invited and encouraged Karen to repose this trust and confidence in her, and she voluntarily and graciously undertook these responsibilities to provide care for Karen.

22. Lisa regularly and routinely told Karen, and Karen's daughters, Rhea Stuart ("Rhea") and Christina Ayoub ("Christina"), that she was providing care for Karen, that she cared for Karen's wellbeing, that she was concerned for Karen's health and welfare, and that they could trust and rely on her to provide for all aspects of Karen's needs, and to help run the daycare business.

23. Lisa and Karen had been "best friends," co-workers, and housemates for several years and, therefore, it was reasonable and justifiable for Karen and her daughters to rely on and trust Lisa.

24. Lisa, as a caregiver to Karen, owed fiduciary duties to Karen, of utmost good faith, honesty-in-fact, candor, full disclosure and loyalty.

25. Over time, Lisa violated the multiple duties she owed to Karen.

### a. Unauthorized Transactions

26. Beginning in or around 2018, Lisa began making unauthorized transactions in Karen's accounts benefitting herself and depleting the financial resources of Karen. Lisa's unauthorized transactions include, but are not limited to:

- Unauthorized transactions and cash withdrawals from Karen's bank account(s).

- Unauthorized transactions on Karen's credit cards.

- Diverting and converting Karen's social security benefits.

- Emptying and converting the contents of Karen's safety deposit box.

- Paying her own bills (including Lisa's personal health insurance) from Karen's bank account.

- Changing the account passwords on Karen's bank accounts, credit card accounts, and email accounts, to prevent Karen and others from accessing those accounts.

### b. Karen's Vehicle

27. In or around September, 2021, Lisa transferred to herself Karen's automobile.

28. After transferring to herself Karen's automobile Lisa paid the automobile insurance from Karen's personal account.

### c. **Neglect**

29. While purportedly caring for Karen between the years of approximately 2012 to 2022, Lisa over time began to berate, and verbally and emotionally assault and abuse Karen.

30. At times, Lisa neglected Karen, leaving her unattended for entire weekends and other extended periods, without transportation, food or personal care.

31. In or about October, 2022, Karen's daughter, Rhea, travelled to Maine to evaluate Karen's living situation.

32. Rhea found her mother alone, on the third floor of the home, in a disheveled, manic and traumatic state.

33. Rhea found Karen upset or disoriented, only partially covered in a bathrobe, smelling and appearing not to have been bathed for a long time.

34. Karen's room and clothing appeared and smelled unwashed and not cleaned for a long time.

35. Karen had food hoarded and hidden in her bedroom because, according to Karen, she was not sure when Lisa would supply her food again.

### d. **Little Ducklings Daycare.**

36. In Winter of 2022-2023, Rhea inspected the premises of Little Ducklings Daycare.

37. The condition of Little Ducklings Daycare was in disarray and unfit for a children's daycare. The Gorham property was covered in filth, including rodent feces, rodent traps, and showed visible signs of water damage, mold infestation and present was hoarded garbage.

38. Upon information and belief, Lisa engaged in unauthorized self-dealing transactions, taking benefits from Little Ducklings Daycare, monetary and non-monetary, which rightfully and justly belonged equally to Karen.

39. Lisa, without Karen's knowledge or consent, took income, profit and benefits from Little Ducklings Daycare, which were equally owed and belonging to Karen.

**e.  Damages**

40. Lisa, by her wrongful acts, damaged Karen and Little Ducklings Daycare in amounts to be established at trial.

## COUNT I – CONVERSION

41. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

42. Lisa took for herself money, resources, benefits and items of value belonging to Karen, and Little Ducklings Daycare, without consent, thereby damaging Karen.

43. Lisa wrongfully took and used assets of Little Ducklings Daycare, and Karen, to pay for her own personal expenses. Lisa also took income or profits owing to Karen from Little Ducklings Daycare.

44. Lisa wrongfully took social security benefits belonging to Karen.

45. Lisa wrongfully took money and property belonging to Karen.

46. Under the totality of the circumstances, demand for restitution is futile and thus is and should be excused.

47. Karen has been damaged by Lisa's conversion.

48. Lisa is liable to Karen and Little Ducklings Daycare for conversion in an amount to be proven at trial, together with interest, costs, attorneys' fees, punitive damages, and all additional available relief.

## COUNT II – UNJUST ENRICHMENT & RESTITUTION
### (Pleading in the Alternative to Count I)

49. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

50. Lisa has been unjustly enriched at the expense and to the detriment of Karen and Little Ducklings Daycare.

51. Substantial benefits have been taken and received by Lisa at the expense and detriment of Karen and Little Ducklings Daycare.

52. The benefits taken and received by Lisa were not gifts.

53. In equity and good conscious, the benefits and values taken and received by Lisa must and should be restored to Karen and Little Ducklings Daycare.

54. As a result of Lisa's unjust enrichment, Karen and Little Ducklings Daycare were damaged.

55. Lisa is liable to Karen and Little Ducklings Daycare for unjust enrichment, in an amount to be determined at trial together, with interest, costs, attorneys' fees, punitive damages, and all additional available relief.

## COUNT III – OPPRESSION AND ABUSE OF ELDERLY OR DEPENDENT PERSON
### (33 M.R.S. § 1022 AND 22 M.R.S. §§ 3471, et. seq.)

56. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

57. Karen is 69 years old. Karen is an elderly and dependent person within the meaning and definitions of Maine law.

58. Beginning in 2012, and continuing over time, Karen's mental health declined and suffered.

59. Beginning in 2012, and growing over time, Karen became dependent upon Lisa and Lisa became Karen's caregiver.

60. Lisa, as caregiver, owed certain duties to Karen.

61. Lisa invited and encouraged, and Karen reposed, trust and confidence in Lisa.

62. Lisa, as Karen's caregiver, owed fiduciary duties to Karen.

63. Lisa, in violation of her duties owed to Karen, took money and property from Karen, made unauthorized bank transfers from Karen's accounts, used Karen's money for Lisa's personal expenses, took Karen's automobile, and neglected and abused, emotionally and physically, Karen.

64. Lisa, by her conduct, breached duties to Karen, and took advantage of Karen, an elderly and mentally unwell person, and caused damages and irreparable harm to Karen.

65. Lisa is liable to Karen in an amount to be determined at trial, together with interest, costs, punitive damages, attorneys' fees and all additional available relief.

## COUNT IV – BREACH OF FIDUCIARY DUTY & CONSTRUCTIVE FRAUD

66. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

67. Lisa, as caregiver, owed fiduciary duties to Karen.

68. Lisa is also a fiduciary of Little Ducklings Daycare because, among other things, Lisa has frozen Karen out of Little Ducklings Daycare and unilaterally controls Little Ducklings Daycare and has sole possession of the books, records and accounts of Little Ducklings Daycare.

69. Lisa invited and encouraged, and Karen reposed, actual trust and confidence, in Lisa.

70. Lisa, in violation of her duties owed to Karen, took money and property from Karen, made unauthorized bank transfers from Karen's accounts, used Karen's money for Lisa's personal expenses, took Karen's automobile, and neglected and abused, emotionally and physically, Karen.

71. Lisa breached multiple duties owed to Karen, including fiduciary duties, resulting in damages and irreparable harm to Karen.

72. Lisa is liable to Karen for breach of fiduciary duties and/or constructive fraud in an amount to be determined at trial, together with interest, costs, punitive damages, attorneys' fees and all additional available relief.

## COUNT V – DECLARATORY JUDGMENT TO IMPOSE A CONSTRUCTIVE TRUST

73. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

74. Lisa owed Karen and Little Ducklings Daycare duties of a fiduciary or confident.

75. In breach of fiduciary and confidential duties, Lisa took money and property rightfully belonging to Karen and Little Ducklings Daycare, thus unjustly enriching herself, at the expense and to the detriment of Karen and Little Ducklings Daycare.

76. In equity and good conscious, a Constructive Trust must be imposed over all wrongfully taken assets and benefits, and a Turn Over Order entered, directed against Lisa, thus preserving and restoring to Karen and Little Ducklings Daycare all wrongfully taken assets and benefits, which rightfully belong to Karen and Little Ducklings Daycare.

## COUNT VI – FRAUD, MISREPRESENTATION & DECEIT

77. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

78. From and after January 1, 2018, Lisa continuously falsely represented to Karen and others, including Karen's children, Rhea and Christina, that Lisa was caring for Karen.

79. Lisa induced Karen and her family to rely upon and repose trust in Lisa to act in the best interests of and provide care to Karen and to operate, faithfully, fairly and in good faith, Little Ducklings Daycare.

80. Karen and her family reasonably and justifiably relied on Lisa to act in the best interests of and provide care to Karen, and to act in the best interests of Little Ducklings Daycare.

81. Lisa misled Karen and her family and took for herself various assets and benefits belonging to Karen and Little Ducklings Daycare.

82. Karen and Little Ducklings Daycare suffered damages as a result of Lisa's self-dealing.

83. Lisa is liable to Karen and Little Ducklings Daycare in an amount to be determined at trial, together with interest, costs and, if appropriate, punitive damages and attorneys' fees.

## COUNT VII – ASSAULT & BATTERY

84. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

85. Lisa's physical and emotional abuse of Karen was intentional, nonconsensual, and objectionable to Karen, and caused bodily and emotional harm and injury to Karen.

86. Lisa's conduct and actions constitute a Battery and Assault.

87. Lisa is liable to Karen in an amount to be determined at trial, together with interest, costs and, if appropriate, punitive damages and attorneys' fees.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

88. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

89. Lisa owed Karen a duty not to negligently inflict severe emotional distress, and Lisa breached this duty.

90. Lisa's conduct harmed Karen, and the harm to Karen was a reasonably foreseeable consequence of Lisa's wrongful and negligent conduct.

91. Lisa negligently caused Karen to experience and suffer severe emotional distress, and/or severe emotional distress to Karen was a foreseeable consequence of Lisa's wrongful and negligent conduct.

92. The emotional distress caused to Karen is so severe that no reasonable person should be expected to endure it.

93. Lisa knew or should have known that her wrongful conduct could reasonably result in extreme emotional distress to Karen.

94. Lisa's wrongful conduct is the direct and proximate cause of injury and damage to Karen. Karen has experienced and continues to experience physical manifestations of severe emotional distress including anxiety, irritability, eating and sleeping disturbances, worry and stress, sense of loss, depression, exhaustion, and mood swings.

95. Lisa acted with malice or malice may be inferred.

96. As a direct and proximate result of Lisa's wrongful conduct, Lisa is liable in an amount to be determined, together with interests, costs, expenses, punitive damages and attorneys' fees and such other relief the Court deems just and proper.

## **COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

97. Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

98. Lisa physically and emotionally abused Karen, and exploited Karen and her vulnerabilities, and Lisa abused her superior position as caregiver, all for self-interest and financial gain.

99. Lisa, by her wrongful, intentional, malicious and/or reckless conduct, intentionally, maliciously or recklessly inflicted severe emotional distress on Karen, or her conduct was substantially certain to inflict severe emotional distress on Karen.

100. Lisa falsely represented to Karen and others, including Karen's family, that Lisa was providing good and sufficient personal care for Karen.

101. Lisa took money and property rightfully belonging to Karen, thus unjustly enriching herself, at the expense and to the detriment of Karen.

102. Lisa's conduct was extreme and outrageous, exceeded the boundaries of decency and is seen as atrocious, intolerable, and unacceptable for caregivers in a civilized community.

103. Lisa caused emotional distress to Karen so severe that no reasonable person should be expected to endure it.

104. Under the circumstances of the case, it was or should have been foreseeable that Lisa's actions would be likely to cause severe emotional distress.

105. Lisa owed duties of care not to harm Karen and not to cause Karen severe emotional distress.

106. Lisa's wrongful conduct is the direct and proximate cause of injury and damage to Karen. Karen has experienced and continues to experience physical manifestations of severe emotional distress, including anxiety, irritability, eating and sleeping disturbances, worry and stress, sense of loss, depression, exhaustion, mood swings, etc.

107. Lisa acted with malice or malice may be implied.

108.    As a direct and proximate result of Lisa's wrongful conduct, Lisa is liable in an amount to be determined, together with interests, costs, expenses, punitive damages, and attorney's fees, and such other relief as the Court deems just and proper.

## COUNT X – PETITION TO PARTITION GORHAM HOME

109.    Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

110.    This is an action for equitable partition pursuant to 14 M.R.S. §§ 6501-6525, et. seq. This Court may exercise ancillary or supplemental jurisdiction over this claim pursuant to 28 U.S.C.A. § 1367.

111.    The parties are the owners, as joint tenants, of real estate located at 11 Apple Lane, Standish, Cumberland County, Maine, which is the subject of this lawsuit, by Warranty Deed from David H. Brofee and Marilyn P. Brofee, recorded in the Cumberland County Registry of Deeds in Book 3364, Page 220.

112.    It is no longer practical or desirable for the parties to remain as joint tenants, or co-owners, of said Property.

113.    The Property is a single-family home and, therefore, not suitable for a physical division of the Property.

114.    As a consequence of the controversy, Counterclaim Plaintiff now seeks this Court's equitable partition and sale of said Property, pursuant to 14 M.R.S. §§ 6501-6525, et. seq., as follows: (1) judicial sale of the Property; (2) payment and satisfaction of all expenses of sale; (3) payment and satisfaction of all outstanding indebtedness and liens of record on said Property; and (4) equitable division between the parties of any remaining sale

proceeds, taking into account and preserving sufficient assets to compensate Karen for her claims against Lisa in this action.

### COUNT XI – ACCOUNTING OF LITTLE DUCKLINGS DAYCARE, INC.

115.    Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this Counterclaim as if fully set forth herein.

116.    Lisa is a fiduciary because, among other things, she has frozen Karen out of Little Ducklings Daycare and unilaterally controls Little Ducklings Daycare.

117.    Lisa has sole possession and control of the records, accounts and books of Little Ducklings Daycare.

118.    Lisa is liable to provide Karen an accounting, full and complete, together with production of all books and records, of Little Ducklings Daycare.

119.    Lisa has a duty to render an accounting, full and complete, to Karen and Little Ducklings Daycare, together with an award of interest, costs and, if appropriate, attorneys' fees.

### COUNT XII – DISSOLUTION OF LITTLE DUCKLINGS, INC.
### 13-C M.R.S. § 1430, et. seq.

120.    Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

121.    The parties are equal, 50-50%, owners of Little Ducklings Daycare and are deadlocked in the continued operation of the business.

122.    The dispute and deadlock between the parties makes it no longer possible to operate Little Ducklings Daycare.

123.    Because Little Ducklings Daycare is deadlocked, the corporation meets the statutory prerequisites for judicial dissolution.

124.     Karen seeks judicial dissolution of Little Ducklings Daycare, together with interest, costs, and, if appropriate, attorneys' fees.

### COUNT XIII – JUDICIAL SUPERVISION
### DECLARATORY ACTION TO VOID ULTRAVARIES AND UNAUTHORIZED ACTS

125.     Counterclaim Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs of this counterclaim as if fully set forth herein.

126.     Lisa unilaterally and purportedly on behalf of Little Ducklings Daycare, retained two attorneys, Edward MacColl, Esq. and Marshall Tinkle, Esq., who are also her personal attorneys, to purportedly represent Little Ducklings Daycare, which is an activity outside the ordinary course of business requiring the majority or unanimous vote of the shareholders of Little Ducklings Daycare.

127.     Lisa unilaterally and purportedly engaged these attorneys to represent Little Ducklings Daycare even though these attorneys are Lisa's personal attorneys and despite that there are clear conflicts of interest between Lisa and Little Ducklings Daycare.

128.     The aforesaid acts of Lisa, together with her joint retention of Attorneys MacColl and Tinkle for herself and Little Ducklings Daycare and her acts of self-dealing alleged elsewhere in this counterclaim, are unauthorized transactions and provide good cause for judicial supervision in the form of a neutral to represent the interests of Little Ducklings Daycare.

129.     The aforesaid unauthorized transactions are void or voidable and the Court must and should declare and adjudged each and every such transaction null and void and restore Little Ducklings Daycare to the position it was in prior to each of the aforesaid unauthorized acts and transactions of Lisa.

**PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaim Plaintiff requests this Court to enter Judgment against Counterclaim Defendant as follows:

1.    With respect to Count I, that the Court enter judgment for Counterclaim Plaintiff and Party-in-Interest in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees;

2.    With respect to Count II, that the Court enter judgment for Counterclaim Plaintiff and Party-in-Interest in an amount to be determined, together with interest, costs, expenses and, if permissible, attorneys' fees;

3.    With respect to Count III, that the Court enter judgment for Counterclaim Plaintiff in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees;

4.    With respect to Count IV, that the Court enter judgment for Counterclaim Plaintiff and Party-in-Interest in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees;

5.    With respect to Count V, that the Court enter judgment for Counterclaim Plaintiff and Party-in-Interest in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees, and that the Court impose against Cobb a Constructive Trust over all wrongfully taken assets and property and that the Court enter a Turn Over Order directed against Lisa Cobb restoring to Karen Stuart and Little Ducklings Daycare. Inc., all wrongfully taken assets and property;

6.    With respect to Count VI, that the Court enter judgment for Counterclaim Plaintiff and Party-in-Interest in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees;

7.    With respect to Count VII, that the Court enter judgment for Counterclaim Plaintiff in an amount to be determined, together with interest, costs, expenses and, if permissible, attorneys' fees;

8.    With respect to Count VIII, that the Court enter judgment for Counterclaim Plaintiff in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees;

9.    With respect to Count IX, that the Court enter judgment for Counterclaim Plaintiff in an amount to be determined, together with interest, costs, expenses and, if permissible, punitive damages and attorneys' fees;

10.   With respect to Count X, that the Court enter judgment for Counterclaim Plaintiff, grant an equitable partition and sale of the Property, pursuant to 14 M.R.S. §§ 6501-6525, et. seq., as follows: (1) judicial sale of the Property; (2) payment and satisfaction of all expenses of sale; (3) payment and satisfaction of all outstanding indebtedness and liens of record on said Property; and (4) equitable division between the parties of any remaining sale proceeds, taking into account and preserving sufficient assets to compensate Karen Stuart and Little Ducklings Daycare, Inc. for the claims against Lisa Cobb in this action.

11.   With respect to Count XI, that the Court enter judgment for Counterclaim Plaintiff and Party-in-Interest and Order Counterclaim Defendant to produce all books and records, a

full and complete accounting, for Little Ducklings Daycare, Inc., together with an award of costs and, if permissible, attorneys fees;

12. With respect to Count XII, that the Court enter judgment for Counterclaim Plaintiff and judicially dissolve Little Ducklings Daycare, Inc., and award Counterclaim Plaintiff interest, costs, expenses and, if permissible, attorneys' fees;

13. With respect to Count XIII, that the Court declare and adjudge (a) the Counterclaim Defendant's aforesaid actions on behalf of Little Ducklings Daycare, without Counterclaim Plaintiff's consent, are ultra vires and therefore void or voidable; (b) that the aforesaid unauthorized transactions entered into by Counterclaim Defendant without consent of Counterclaim Plaintiff are ultra vires and therefore void or voidable; (c) that Counterclaim Defendant does not have authority to enter into contracts on behalf of Little Ducklings Daycare without consent of Counterclaim Plaintiff or Court approval; (d) that Counterclaim Defendant does not have authority to withdraw monies from Little Ducklings Daycare without consent of Counterclaim Plaintiff or Court approval; (e) that Counterclaim Defendant does not have authority to retain of Counterclaim Plaintiff or Court approval; and (f) that judicial supervision of Little Ducklings Daycare is necessary and a neutral receiver shall be appointed; and

14. That the Court award Counterclaim Plaintiff all additional relief as is deemed just and proper, together with interest, costs, attorneys fees, and punitive damages.

## **JURY DEMAND**

Counterclaim Plaintiff and Defendant hereby demands trial by jury on all issues so triable.

DATED at South Portland, Maine this 9th day of June, 2023.

Respectfully Submitted,
Karen Stuart,
By counsel,

/s/ Jeffrey Bennett

_____
Jeffrey Bennett, Esq., Maine Bar No. 7223
Brooke J. Bailey, Esq., Maine Bar No. 6760
Legal-Ease, LLC, P.A.
198 Maine Mall Road, Box #2
South Portland, ME 04106
T: (207)-805-0055
F: (207-805-0099

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June 2023, I served true copies of Defendant's Amended Answer and Counterclaim via ECF Filing system to:

Edward MacColl, Esq.
Marshall Tinkle, Esq.

/s/ Jeffrey Bennett

_____
Jeffrey Bennett, Esq., Maine Bar No. 7223